## F. H. PHENIS v. STATE.

No. A-10122.   March 10, 1943.

(135 P. 2d 62.)

J. W. Burrow, of Gage, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and O. E. Enfield, Co. Atty., of Arnett, for defendant in error.

BAREFOOT, J.    Defendant, F. H. Phenis, was charged in the district court of Ellis county with the crime of driving a motor vehicle while under the influence of intoxicating liquor, was tried, convicted, and sentenced by the court to pay a fine of $100 and costs, and has appealed.

The only contention for reversal of this case is that the evidence was insufficient to sustain the judgment and sentence, and that the court erred in refusing to sustain a demurrer to the evidence of the state.

The statute upon which the charge is based, section 10324, Okla. Stats. 1931, 47 O. S. A. 1941 § 93, is as follows:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, and the having on or about one's person or in said vehicle of said intoxicating liquor is prima facie evidence of a violation of this Act, to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act, and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the penitentiary not more than one year, or by fine of not more than Two Thousand ($2,000.00) Dollars, or by both imprisonment and fine."

Under this section of the statute, at the time defendant was charged, on February 10, 1941, the punishment was as for a felony. Since that date, the Legislature has amended the statute and it now provides that the first conviction thereunder shall be a misdemeanor, and the second offense a felony, and is as follows (47 O. S. A. 1941 § 93 as amended, Laws 1941, p. 199, sec. 1):

"It shall be unlawful for any person who is under the influence of intoxicating liquor, * * * to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act (10322 [O. S. 1931, Sec. 91 hereof]) and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more than Five Hundred ($500.00) Dollars or by

both such fine and imprisonment. Any persons found guilty of a second offense under, the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed two (2) years, or a fine of not more than One Thousand ($1,000.00) Dollars or by both such fine and imprisonment."

This charge was the outgrowth of a minor automobile accident on the streets of the town of Shattuck, in Ellis county, on November 26, 1940. An attempt was made to back an automobile that was parked on the street out from the curb, and two cars were hit. No one was injured, and the record does not reveal that either car was more than slightly damaged. Some time after this occurrence the defendant was arrested about five blocks from where the accident occurred. He was placed in jail and these charges were filed against him on December 11, 1940.

The two officers who arrested him were the only witnesses who testified that the defendant was under the influence of liquor. Neither of these parties saw him drive the car at any time. They arrested him at his place of business, and in his office. The arrest was made some time after the accident, and while both officers testified that he was under the influence of liquor at the time of his arrest, between 4:30 and 5 o'clock in the afternoon, neither of them saw him driving his car while in this condition.

The other witnesses for the state were Karl Ruf, Dave Siebenlist, and Kenneth Paul, and after the state had closed its case, it was permitted to place Tom Jackson, the sheriff of Ellis county, on the stand.

The first two of these witnesses testified to seeing the defendant back his car from the curb, and strike a

car and a truck; and while both witnesses identified the defendant, they were at some distance from him, and one of the witnesses only saw through the windshield of his car, and the back glass of the defendant's car. Other witnesses testified that he afterwards told them that he was unable to say positively that it was the defendant who was backing the car.

But the main fact is that neither of these witnesses, nor any other witness, testified that whoever was driving the car was under the influence of intoxicating liquor. None of the other witnesses for the state identified the defendant, and while there may have been sufficient evidence offered by the state as to defendant being the party who was driving the car, there is absolutely no evidence that the one driving the car was under the influence of liquor at the time the car was backed from where it was parked.

The testimony of the two officers as to defendant being under the influence of intoxicating liquor was at a time long after the accident occurred, and defendant had ample opportunity to have become intoxicated after this occurred, as he himself testified.

Defendant, after his demurrer to the evidence was overruled, testified that he was not in the car at the time of the accident. He testified that there were two "public drawings" in Shattuck on that afternoon. That one was at 2:30 and the other at 4 o'clock; that he attended the 2:30 drawing, but that he did not attend the 4 o'clock drawing. The accident occurred ten minutes after 4 o'clock, according to the evidence of the state's witnesses. Defendant further testified that his car was parked back of the barber shop, and that he went through there about 3:30, got his car and drove to the sales barn where he worked. He was corroborated in this statement by the

barber and his wife, who were both present when he went through their place of business at 3:30 to get his car. Both testified that they talked with him and that he was not under the influence of liquor at the time, and that they did not smell liquor on his breath. One other witness testified to seeing the defendant on the streets and talking with him prior to the time the accident occurred, and that he was not under the influence of liquor, and that he did not smell liquor on his breath.

It is not often that this court will set aside a verdict of guilty that has been assessed by a jury. If there is a conflict in the evidence, and the evidence of the state is sufficient to sustain the judgment and sentence, the same will not be set aside; but it is also true that where the evidence is insufficient to support the judgment and sentence, we will not hesitate to set the same aside. Hubbard v. State, 71 Okla. Cr. 373, 112 P. 2d 174, and cases cited therein.

Here there is a conflict, as above stated, as to whether the defendant was the party who backed the car out, and collided with the other cars, but there is a clear absence of any testimony on the part of the state that the defendant or anyone else who drove the car was under the influence of intoxicating liquor at the time the car was driven. This is the essential and necessary fact to be proven when one is charged under the statute above quoted.

The court takes notice of the fact that the statute under which defendant was charged and prosecuted carries with it the conviction of a felony. It is true that the jury left the punishment to the court, and that the trial judge assessed as punishment a fine of $100, yet we will also take notice of the fact that the conviction of this offense takes from defendant other valuable rights, such as a mandatory forfeiture of his driving license for a

period of one year. Session Laws 1937, p. 344, 47 O. S. A. 1941 § 295; Ashcraft v. State, 68 Okla. Cr. 308, 98 P. 2d 60.

Defendant should not be convicted upon mere suspicion and guess. The evidence relied upon by the state should be such as to convince one beyond a reasonable doubt as to defendant's guilt before he is convicted. Here the evidence only raises a suspicion, and even though defendant was the party who drove the car, one would have to guess that he was under the influence of intoxicating liquor at the time charged.

There is one other proposition we desire to mention. The trial court in this case did not instruct the jury as to the definition of the term, "driving while under the influence of intoxicating liquor."

This no doubt was by reason of the fact that this court has heretofore held that it was unnecessary to define this term in the charge to the jury (Welch v. State, 43 Okla. Cr. 47, 277 P. 280); and the further fact that the defendant did not request this charge.

Under these facts, this might not be cause for reversal of this case, but on the 1st day of July, 1938, which was prior to the trial of this case, this court, in the case of Luellen v. State, 64 Okla. Cr. 382, 81 P. 2d 323, stated that we now think in cases of this character this term should be defined to the jury. In that case we quoted an instruction which we think fully covers the same. As stated in that opinion, this term constitutes the very gist of the charge. There is a great divergence of opinion among jurors as to what facts it takes to constitute one being under the influence of intoxicating liquor. If it is necessary to define the term "murder" when one is charged therewith, certainly it should be necessary

to define what is meant by the term "under the influence of intoxicating liquor" when one is so charged.

For the reasons above stated, the judgment and sentence of the district court of Ellis county is reversed and remanded.

JONES, P. J., concurs.   DOYLE, J., absent.