OSCAR M. KENNEDY v. STATE.

No. A-10120.   April 14, 1943.

(137 P. 2d 244.)

C. B. Leedy, of Arnett, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Oscar M. Kennedy, was charged by information in the district court of Ellis county with the crime of driving an automobile while under the influence of intoxicating liquor, was tried, the jury returned a verdict of guilty and assessed the punishment at 60 days in the penitentiary, and a $20 fine, with a notation upon the verdict "with recommendation that sentence be suspended."

It is insisted that the court erred in overruling the demurrer of the defendant to the evidence of the state, and in refusing to instruct the jury to return a verdict of not guilty for the reason that the evidence is wholly insufficient to sustain the allegations of the information.

On the date in question the defendant, his nine year old boy, and two other men were at the home of Fred Steinle which is just three-quarters of a mile from the Texas border. The defendant, his two companions and Steinle were all neighbors in that community.

Fred Steinle testified that he was called to a car in front of his house about 12:30 p. m. on July 6, 1940. That defendant, Roy New, Ogi German, and defendant's small boy were in the automobile. That they had a friendly chat for a few minutes and while he was there defendant offered him a drink out of a bottle, supposedly of whisky. That he refused because he had just eaten his dinner. That while he was at the car defendant took a drink from the bottle. That he was busy at the time cutting wheat and soon left the men and returned to the wheat field. That he did not see defendant drive up to his place and did not see him leave. That he saw defendant again about 4 o'clock in the town of Higgins, Tex.

Mrs. Fred Steinle testified that she did not see the defendant the first time he came to their house. That defendant and his companions came back to their house about 3:30 the same afternoon. That she went to the door and Mr. New asked for Mr. Steinle and she told them that he was cutting wheat. That while she was standing in the door the defendant started cursing her. That when he started cursing she went back inside the house and closed the door. That they remained outside in the yard a half an hour before they left. That when defendant started to leave he backed up against some barrels and upset them. She did not see him drink any whisky and did not know whether he was intoxicated or not.

Esther Longhoover testified that she lives about five miles from Steinle's place. That on Saturday, July 6th, she drove over to Steinle's about 4 o'clock p. m. When she arrived defendant was there sitting in a two-seated automobile with two other men and a little boy. That Mr. New asked her to come over and start the car. That when she went over there defendant commenced to curse her calling her "a damn little dirty Dutchman," and using other profanity. That in a few minutes he drove the car off. When asked directly as to whether defendant had been drinking, she stated that she did not know, as she did not get close enough to him to determine that fact.

The 12-year-old daughter of the Steinles corroborated the testimony of Mrs. Steinle and Esther Longhoover as to the defendant being there and cursing.

At the close of the testimony of the state, the defendant demurred to the evidence for the reason that it was insufficient to sustain a verdict of guilty. Upon it being overruled the defendant rested his case without offering any evidence.

It is apparent that the evidence is wholly insufficient to sustain the charge set forth in the information. While the evidence of Fred Steinle shows defendant was drinking intoxicating liquor at 12:30, it was not proved that defendant was driving the automobile at that time. While the proof showed the defendant was driving at 3:30 or 4 p. m. the proof was lacking as to his intoxication. The fact that he cursed and used profane names in front of the women and children was a circumstance to be considered by the jury, but it was not sufficient in the absence of other proof to sustain a charge that he was at that time intoxicated.

If the defendant had been charged under the provisions of section 2392, O. S. 1931, 21 O. S. 1941 § 1906, which makes it a misdemeanor to utter or speak obscene language in the presence of females or children, the proof would have been overwhelming as to his guilt.

One of the women testified that when defendant left the Steinle premises he drove toward Higgins, Tex., about three miles away. Fred Steinle testified that he saw the defendant at Higgins at 4 p. m., which was just a few minutes after he had been cursing before the women. He does not testify that defendant was under the influence of intoxicating liquor at that time and details no facts from which such a deduction might arise.

The verdict is clearly against the weight of the evidence and apparently was influenced mainly because of the actions of the defendant in using the obscene and profane language in the presence of the women at the Steinle house. Such conduct on the part of the defendant was reprehensible, but he may not be punished for such conduct on a charge such as is herein presented. When all the circumstances are viewed together, they do nothing more than raise a suspicion that defendant was intoxi-

cated. There is a strong suspicion in the minds of this court that the defendant was under the influence of intoxicating liquor, but the conviction may not be sustained upon the ground of suspicion alone.

For the reasons hereinabove stated, the judgment of the district court of Ellis county is reversed and remanded. If the county attorney is able to secure additional evidence showing the intoxication of the defendant at the time he drove his automobile, then he is authorized to retry the defendant. If no other or additional proof may be presented, other than as shown by the record herein, it is directed that the action be dismissed.

BAREFOOT and DOYLE, JJ., concur.