## JONES v. STATE.

No. A-11045.   Nov. 30, 1949.

(212 P. 2d 153.)

Robert O. Swimmer, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.    The defendant, Earnest William Jones, was charged in the court of common pleas of Oklahoma county, with the crime of driving an automobile on a public highway while under the influence of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail, and pay a fine of $50, and has appealed.

In the disposition of this appeal, it is only necessary to discuss the first assignment of error presented by the defendant; that is, there is no proof of the corpus delicti, and the conviction rests solely on a contradicted extra-judicial confession.

There were only three witnesses used at the trial. Two highway patrolmen testified for the state, and the defendant testified in his own behalf.

The highway patrolmen testified that they were called to investigate a highway accident in the 2200 block

on Northwest First street, just outside the city limits of Oklahoma City, on September 28, 1947. When they arrived at the place where the alleged accident occurred, they found several people there. The defendant was there, his clothes were slouchy, he was unsteady on his feet, and in their opinion was "pretty well under the influence of liquor". One of the cars in the collision belonged to the defendant. A taxicab had run into the rear of defendant's car which was parked on the highway. No one was injured, and the damage was very slight to either car. When first questioned, the defendant said that he was driving his automobile, but later stated that another man was driving the car.

Each of the patrolmen testified that their information that defendant was driving the car which was parked on the highway that was struck by the taxicab, was based solely upon the defendant's statement that he was the driver.

Defendant in his testimony denied that he was either drunk or driving, but said he and four other men whom he had met at a beer tavern had bought some beer and had driven out there and stopped to drink it; that a part Indian man, who was called Chief, drove his car for him; that he did not tell the patrolmen he was driving the car, but stated to them that he owned the car.

The only positive proof presented by the state was that at the time the officers arrived, which, according to their testimony, was at least 20 or 25 minutes after the collision, the defendant was under the influence of intoxicating liquor. Even under the admissions made by the defendant as testified to by the officers, beer had been purchased and the car had been driven to where it was parked, and beer had been drunk after it had been

parked. There was no evidence offered on the part of the state to show defendant's condition of any of the various night spots which the officers said he had visited. If he had appeared in an intoxicated condition in any of those places, this proof should have been introduced. However, the fact of his intoxication shortly after the accident is a circumstance which, if there had been other proof that he was the driver, might have been sufficient to show that he was intoxicated at the time the car was driven where it had been parked.

However, as to this lack of proof, the case in many respects is similar to the case of Phenis v. State, 76 Okla. Cr. 156, 135 P. 2d 62.

The patrolmen said that defendant admitted he was doing the driving. However, it is the established rule that an extrajudicial confession alone does not warrant a conviction, unless it is corroborated by independent evidence of the corpus delicti. Brown v. State, 81 Okla. Cr. 303, 164 P. 2d 249, 166 P. 2d 1021; Bond v. State, 90 Okla. Cr. 110, 210 P. 2d 784.

The case of Brown v. State, supra, is very similar to the case at bar in that the state's only witness was the highway patrolmen who investigated an accident on the highway fifteen minutes after it happened. He testified that the defendant was intoxicated when he arrived and admitted he was driving. The case was reversed because there was no evidence independent of the confession of the defendant showing that the defendant had driven the automobile on the highway as alleged in the information.

In Gorum v. State, 60 Okla. Cr. 248, 63 P. 2d 765, 766, we said:

"Under this provision the responsibilty of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow the verdict to stand is imposed on the trial court in the first instance and on appeal upon this court.

"That a crime has actually been committed must necessarily be the foundation of every criminal prosecution, and this must be proved by other testimony than a confession; the confession being admitted merely for the purpose of connecting the accused with the offense charged. * * *"

In Mays v. State, 19 Okla. Cr. 102, 197 P. 1064, 1068, we said:

"This court adheres to the rule that a conviction cannot be had on the extrajudicial confessions of the defendant without independent evidence of the corpus delicti, and, before such confessions should be admitted, there should be evidence prima facie sufficient to show that the offense to which the confession relates has been committed. * * * In passing upon the evidence submitted to them the jury must first determine beyond a reasonable doubt that the crime has been committed; then they are at liberty to give the alleged confession such weight as it is entitled to, taking into consideration the circumstances surrounding it and the extent to which it has been corroborated."

In Robinson v. State, 71 Okla. Cr. 75, 108 P. 2d 196, 198, in the opinion we said:

"In every criminal prosecution, it devolves upon the state to prove, first, the corpus delicti; second, that the crime charged was committed by the accused. This court will not ordinarily disturb the decision of a trial judge in overruling a demurrer to the evidence, or in denying a motion for a new trial, based upon the insufficiency of the evidence to support the finding of the trial court where a jury has been waived; and it will not do so where the

record discloses evidence showing the commission of the offense charged, and from which guilt of the defendant can be fairly inferred; but it will interfere where it clearly appears that the findings of fact and the decision of the trial court have no substantial support, or are clearly without support in the evidence.

"That a crime has actually been committed must necessarily be the foundation of every criminal prosecution, and this must be proved by other testimony than a confession; the confession being admitted merely for the purpose of connecting the accused with the offense charged. * * *

"Extrajudicial confessions of guilt, without proof of the corpus delicti, are insufficient to justify a conviction."

Outside of the defendant's confession, which he denied giving, there is an entire absence of evidence that the defendant drove the said car as alleged in the information. Neither the taxicab driver, nor any other person, was called as a witness to substantiate the theory of the state that defendant was alone in the car when it was struck by the taxicab, and that he alone drove the car from the beer tavern to where it was parked.

This court will not sustain a conviction where essential elements of the offense must be supplied by surmise and conjecture.

The judgment of the court of common pleas of Oklahoma county is reversed.

BRETT and POWELL, JJ., concur.