Lorenzo **TWOGUNS**, Jr., Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–12426.

Criminal Court of Appeals of Oklahoma.
April 10, 1957.

James M. Springer, Jr., Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The defendant, Lorenzo Twoguns, Jr., was charged by information in the county court of Payne County with driving a 1941 Chrysler on a public highway while under the influence of intoxicating liquor, was tried and found guilty by jury, who left the punishment to the court who sentenced defendant to serve 10 days in the county jail and to pay $100 fine.

The brief of the plaintiff in error. relies solely upon one assignment of error, that the evidence was insufficient to support the verdict.

The proof shows that defendant Lorenzo Twoguns, Jr., along with another man, and his mother, had stopped at George Drake's grocery store which was near the home of the defendant. While defendant's mother was in the store buying groceries, defendant and his friend drove away in his mother's car. The mother then asked Mr. Drake to drive her home, which he did, and on the way home they saw Mrs. Twoguns' car turned over in a bar ditch beside the road. The defendant and other man were standing by the car. Mr. Drake stopped and defendant got in the back of the pick up and his companion in the front seat with Drake and Mrs. Twoguns. Mr. Drake drove them on to defendant's home. The witness Drake testified he did not pay. any attention to defendant while he was in the store or at any time during the trip home or after they arrived at defendant's home. The county attorney attempted to inquire of witness whether or not he had an opinion as to whether defendant was under the influence of intoxicating liquor. An objection was made by defendant and sustained by the court until such time as witness had given grounds upon which to base his opinion. The state did not pursue the witness further as to his opinion, after witness had reiterated the fact that he neither observed nor paid any attention to the defendant. According to the evidence, the Highway Patrol was notified and Patrolman Carl Pugh came to the scene of the accident, made some investigation, then returned to Drake's store where he made additional inquiry. After learning the ownership of the car, he proceeded to defendant's home, arriving there some 40 minutes after the accident was alleged to have happened, where he found defendant Twoguns, his boy friend, and Mrs. Twoguns, the defendant's mother. Patrolman Pugh testified that in his opinion the defendant was under the influence of intoxicating liquor at that time. That defendant admitted driving the car. Patrolman Pugh and defendant returned to the scene of the accident. Patrolman Pugh testified he placed defendant under arrest for "Driving While Intoxicated, First Offense," and then took him to the Cushing police station, arriving there shortly after 5 o'clock, or approximately one hour after the alleged accident. Shortly after they arrived at the police station, defendant voluntarily submitted to an intoximeter test. Patrolman Pugh testified the result of said test indicated defendant was under the influence of intoxicants. He further testified that the chemist who made the analysis of the test was not available as a witness as he was attending trial in some other part of the state.

Two members of the Cushing police force also testified that they observed defendant after he was brought to the police station and in their opinion he was under the influence of intoxicating liquor at that time.

From a thorough review of the record, there was ample testimony that defendant was under the influence of an intoxicant at

the time he was brought to the police station in Cushing and testimony by Patrolman Pugh that he was in such condition at his home some 40 minutes after the alleged accident, but the proof as to his intoxication at the time of the accident and while driving the car is completely silent and cannot possibly do more than create strong suspicion or mere probability. Whether one could become intoxicated from 40 minutes to an hour is possible but highly improbable, but we cannot speculate upon this possibility. This court is governed by its previous holding where a conviction has been reversed because of complete failure to show defendant was intoxicated at the time he drove the vehicle. A recent case where such a conviction was reversed originated in the same court and the same county as the instant case. Moore v. State, 304 P.2d 357, 358, wherein it was held,

> "To sustain a conviction, it should appear not only that the offense was committed, but the evidence inculpating the defendant should do so to a degree of certainty, transcending mere probability or strong suspicion."

Very similar cases to the one at bar are recited in Phenis v. State, 76 Okl.Cr. 156, 135 P.2d 62; Kennedy v. State, 76 Okl.Cr. 256, 137 P.2d 244.

From reading the testimony, the court draws a conclusion that the witness Drake knew a great deal more than his testimony indicated and that he was most reluctant by virtue of his acquaintance with the defendant, that defendant traded with him, etc., and none of the other persons who had an occasion to observe defendant at the time of the alleged accident and shortly thereafter, were called by the state and defendant did not testify, but stood upon his demurrer to the evidence. However, it is not within the realm of this court to place any construction upon any testimony except that which appears in the record and in the instant case, the testimony of the witness Drake was wholly insufficient to show defendant intoxicated at the time he drove the vehicle. The most persuasive testimony on the part of the state was that of Patrolman Pugh, but his testimony could only be considered to show the condition of the defendant some 40 minutes to an hour after the accident, and unfortunately, the chemist was not available to express an opinion as to how long defendant had been in such condition. It is quite obvious, that the evidence obtained by Patrolman Pugh was obtained after said officer invaded defendant's home without a warrant of arrest, and unless a misdemeanor had been committed in his presence, the testimony would have been subject to a motion to suppress, or if a timely objection had been made, in all probability, the trial court would have excluded said testimony. But this question was not raised nor were timely objections made.

There can be no question that the evidence was sufficient to create a strong suspicion that the defendant was under the influence of intoxicating liquor at the time of the alleged accident but a conviction cannot be sustained upon suspicion alone.

Taking into consideration all of the testimony related herein and the utter failure of the state to prove the allegations of the charge, the judgment of the county court of Payne county is reversed and remanded. If the county attorney is able to procure additional testimony tending to prove the intoxication of the defendant at the time he drove the vehicle then he is authorized to re-try the defendant. If no other proof can be presented other than that shown by the record, then said case is to be dismissed.

BRETT, P. J., and POWELL, J., concur.