Olen Billy BUTLER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12908.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1960.

Leon J. York, Stillwater, Everett E. Berry, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Olin Billy Butler was charged by information in the county court of Payne County with the offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor, was found guilty by a jury with punishment fixed at a term of 45 days in the county jail, and a fine of $100 and costs.

The case is here on appeal with but one assignment of error urged for reversal. It is argued that the evidence was insufficient to convict the defendant, and, therefore, the court should have sustained the demurrer.

At the outset counsel urges that the facts in this case bring it within the rules announced by this Court in the cases of Phenis v. State, 76 Okl.Cr. 156, 135 P.2d 62; Kennedy v. State, 76 Okl.Cr. 256, 137 P.2d 244, and Moore v. State, Okl.Cr., 304 P.2d 357. We shall, therefore, consider the pertinent principle in question, and the facts of those cases causing the application. Thereafter, we shall consider the evidence developed in the within case.

In Phenis v. State, supra, a drunken driving case, the penalty at the time of the charge was as for a felony. The law at the time the opinion was written made the offense a misdemeanor.

The defendant in the Phenis case had a minor automobile accident when he backed his car from the curb in Shattuck. No one was injured. Later, some five blocks away, in defendant's office, an officer who did not witness the accident arrested defendant, and placed him in jail. This was on November 26, 1940. Charges were filed on December 11, 1940. The officers testified that at the time of the arrest, between 4:30 and 5:00 o'clock in the afternoon, Phenis was under the influence of intoxicating liquor. No one testified that he was under the influence of intoxicating liquor immediately prior to or immediately after the accident. As stated in the opinion, it was long after the accident before the officers arrested the defendant, and he had ample time after the accident in which to become intoxicated. There was also a question of identification. The defendant testified and offered witnesses who talked with him at 2:30 in the afternoon, and they swore that defendant was not intoxicated and they denied that they smelled liquor on his breath. The court failed to instruct the jury as to the definition of the term "driving while under the influence of intoxicating liquor." Luellen v. State, 64 Okl.Cr. 382, 81 P.2d 323, 325. This Court, therefore, reversed and remanded the case.

In Kennedy v. State, supra, the defendant, his nine year old boy and two men were at the home of Fred Steinle. They were in a car there at 12:30 P. M. on July 6, 1940. They had a friendly chat for a few minutes with Steinle, and Steinle said that the defendant offered him a drink, which he refused as he had just eaten his dinner. He saw the defendant take a drink. He did not see the defendant drive up to his home, or drive away. Witness returned to his work in his wheat field. Defendant came back to Steinle's home about 3:30 the same afternoon, and asked for Steinle, but Mrs. Steinle testified that she told defendant her husband was in the wheat field. Defendant, during the course of his conversation, became angry and cursed Mrs.

Steinle, but she testified that she did not see defendant drink any whiskey, and did not know whether he was drunk or not. He also cursed another witness. This Court pointed out that while there was evidence that defendant took a drink of whiskey at 12:30, it was not shown that he was driving a car at that time. And while it was shown that he was driving at 3:30 or 4:00 P. M., the proof was lacking as to the intoxication. In reversing that case, this Court said [76 Okl.Cr. 256, 137 P.2d 245]:

"If the county attorney is able to secure additional evidence showing intoxication of the defendant at the time he drove his automobile, then he is authorized to retry the defendant. If no other additional proof may be presented, other than shown by the record herein, it is directed that the action be dismissed."

In Moore v. State, supra, where, incidentally, Leon J. York, Esq., one of defendant Butler's attorneys herein, was counsel for Moore, the defendant was driving along State Highway 51 about one mile east of the city of Yale, and one Barnes was driving just ahead of him. The evidence disclosed that a school bus ahead of Barnes stopped and Barnes stopped and Moore's car bumped into the rear of the Barnes car. Barnes and Moore had a conversation, and it was decided that Barnes should go 'phone for the highway patrol to report the accident. Barnes testified that prior to the arrival of the highway patrol he had a conversation with Moore, and did not smell alcohol, and Moore gave no indication of being intoxicated.

When the highway patrolman arrived, he took certain measurements, talked with Barnes and Moore, and later asked them to get in his car. Other persons had stopped at the scene. Barnes said that in the car, for the first time he thought he detected alcohol on Moore's breath. The highway patrolman gave Moore a breath test for alcohol, and said that prior to that they could not say that he was intoxicated.

Moore testified that while he was waiting for the patrolman a friend had stopped and he took two drinks of whiskey because the weather was cold. The breath test showed .25 of one per cent alcohol. This Court did not have confidence in the test as it was our view that if the test was correct Moore would have been so intoxicated as to have left no doubt as to his condition. Witnesses for the defendant at the scene detected no circumstances to indicate intoxication. There was no evidence to show that defendant was intoxicated at the time of the accident. He had ample time and opportunity to take a drink in the interim between the accident and the arrival of the officers, and he testified that a friend had actually given him a couple of drinks.

■ Under the facts this Court applied the rule that was announced in the cases discussed, and being succinctly stated in the Kennedy case, supra, to the effect that:

"Where the evidence raises a mere suspicion, or, admitting all that it tends to prove, the defendant's guilt is left doubtful or dependent on mere supposition, surmise, or conjecture, the court should advise the jury to return a verdict of acquittal."

It will be found as we summarize the evidence in the within case that it is distinguishable from the above-cited cases.

■ While it is true that the evidence that defendant Butler, just prior to running into another car almost head-on, was driving his car in an erratic manner by weaving over the roadway so that a witness following him was afraid to try to pass him, such is not proof that the defendant was intoxicated, but only a circumstance. And while it is true that some thirty minutes elapsed prior to the arrival of the officers, who were the main witnesses as to intoxication, which might under some circumstances as in the Moore case afford opportunity for imbibing of intoxicants, no such opportunity is claimed or exists in the within case. If defendant was intoxicated, it had to have happened prior to the accident. And whether or not

he was under the influence of intoxicants, under proper instructions from the court, was a question for the jury, where there would be competent evidence of intoxication.

The evidence discloses that on Sunday, June 7, 1959, some time between eleven o'clock and noon, the defendant Butler was driving a 1948 Oldsmobile two-door automobile along State Highway 51 towards Stillwater, and at a point 3.8 miles east of Stillwater he had a collision with a pick-up driven by Delbert Dean Keys. As a result of the accident the defendant sustained serious personal injuries and was carried in an ambulance to the Stillwater Municipal Hospital, where he was attended by Dr. W. C. Foshee.

Edward O. Smelser testified that he lived at Drumright, and was a field engineer for the Tidewater Oil Company. That on June 7, 1959 he had occasion to be driving west along Highway 51, and at a point about 3.8 miles east of Stillwater he saw the accident when two cars collided. That he and defendant were both travelling in the same direction of Stillwater, and the pick-up driven by Keys was coming from the opposite direction. He saw defendant's car swerve three and a half to four feet to the left of the center of the road and strike the on-coming car. Witness stated that after the accident he went to see the occupants of the pick-up, but did not go to the place where defendant's car stopped.

Witness was asked:

"Would you tell the court and jury the circumstances of you seeing the defendant? A. Well, as I was making —I believe it was the junction where you go to Glencoe coming in on 51— I come up on this car and attempted to pass where a passing zone permitted me to and this car beared in front of me, so I naturally dropped back, and I was going to pass later on, and this car would bear to the left again, nearly hitting the shoulder on my left side, so I thought then that I'd better not try to pass."

Witness further stated that he had followed the defendant approximately a mile and a half prior to the accident and had tried three times to pass him. He stated that there were no obstructions in the road to cause defendant to bear to his left.

Delbert Dean Keys, age 17, lived at Glencoe. At the time of the accident in question he and his mother and 12-year old sister were going east away from Stillwater along Highway 51 and in a pick-up. Witness testified that when defendant's car ran into his pick-up the defendant's car was about two feet over on the wrong side of the road. The impact caused the pick-up to go off on the north side of the road and defendant's car went off on the south side of the road. Witness said that he did not get close enough to the defendant to tell whether or not he had been drinking.

Dr. W. C. Foshee testified that he lived in Stillwater and had been a practicing physician for forty-six years. He said the first time he saw the defendant he was on the table in the emergency room at the Stillwater Municipal Hospital, some time between 12:30 and 1:00 o'clock in the afternoon on June 7, 1959. That he had been called to the emergency room where he gave defendant first aid medical treatment.

He testified that in rendering medical aid to the defendant he smelled alcohol on his breath. The doctor stated that his opinion was that the defendant was intoxicated. When asked on direct examination what he based his opinion on, witness said:

"I base it on—from the odor of alcohol, and I base it on his general condition that he was in—As many drunks as I've seen in 46 years and that would be my opinion."

E. H. Gay, Highway Patrolman, testified that he arrived at the scene of the accident about noon on June 7, and observed that there had been a collision between a 1948 Ford pick-up and a 1948 Oldsmobile two-door. When he arrived at the scene he took measurements and found that the pick-up had come to rest on the north side

of the highway, and had traveled 96 feet from the point of impact. That the Oldsmobile driven by the defendant had traveled west and to the south into the bar ditch, some 210 feet and across the bar ditch into a pasture, a distance of 135 feet. That when he arrived the defendant was about 75 feet from where his car had come to rest, and was lying on his back, crying and moaning. That he assisted in getting the defendant on his feet and in walking him back to the highway where the ambulance picked him up. Witness said, "I smelled a very strong odor of alcohol on his breath."

This witness further testified that because of defendant's injuries his main purpose at that time was to get him to the hospital. That he next saw the defendant that afternoon about 1:00 o'clock at the hospital in Stillwater, and had a conversation with him. That he asked defendant what he had been drinking, and defendant told him that he had had two or three beers, and half pint of wine to drink. Defendant further stated to the patrolman that he had had too much to drink. When the witness was asked his opinion as to defendant's sobriety, he said, "I think he was intoxicated."

On cross-examination Trooper Gay testified that he was just north of Stillwater on Highway 40 when he received the call at approximately 11:40 A. M., and arrived at the scene about twenty minutes later.

In response to questions asked by defendant's counsel, Mr. Gay further testified:

"Q. You say you smelled a strong odor of alcohol on his breath? A. A very strong odor of alcohol.

"Q. How close did you get to him? A. I was right up to the side of him. I had his arm. I assisted when we laid him down on the stretcher. * * *

"Q. He just had a strong odor— you smelled a strong odor? A. A very strong odor of alcohol.

"Q. Was it alcohol? A. It smelled of alcohol to me."

This closed the evidence for the State and a demurrer was interposed for the defendant, which was overruled.

The defendant Butler testified. He said that he was 24 years of age, lived in Tulsa; that he was married and had a son three years old, but he was not living with his wife at the time of trial. He testified that on Saturday, June 6, 1959 he came to Payne County with four other Negroes on a fishing trip. That they fished in a farm pond about ten miles east of Stillwater on Highway 51 all night Saturday. The next morning, Sunday, June 7, witness had breakfast about 9:00 o'clock. He said that he drank two cans of beer before breakfast that morning, and that was all he had to drink. He testified that about 11:00 o'clock he started to Stillwater, driving a 1948 Oldsmobile, and had an accident on the way. When asked by his counsel what caused the accident, he said, "I just blacked out or went to sleep—I was tired." He said that he was not under the influence of intoxicating liquor at the time, and denied that he told Mr. Gay while at the hospital that he had had too much to drink. He also denied that he told him he had drunk a half pint of wine.

Everett E. Berry, an attorney of Stillwater, testified as a witness in behalf of the defendant. He stated that on the day of the accident he was on his way from Stillwater to Hominy, Oklahoma. He was driving east on Highway 51 and at a point about three or four miles east of Stillwater he witnessed the accident between the Keys and the Butler cars. He said that he was travelling along the highway shortly after 11:00 o'clock on Sunday morning, and saw a cloud of dust when the two cars collided—"not head-on, but sorta sideswipe." He then related in detail the things he observed at the scene of the accident.

This witness testified, in substance, that following the accident he saw the defendant get out of his car and hurry to some bushes which were southwest or southeast of the car he got out of. Witness went to the bushes, found that defendant's left

arm was injured, and that he had gone to answer a call of nature. He helped him get his clothes fastened and stayed with him until the highway patrolman came, and that he helped get defendant to the ambulance. He also testified that he leaned over close to the defendant so he could get a smell of his breath. Witness said, "and at that time I detected a very faint odor of beer or some other form of alcohol, but it was only after I leaned over very close to where, any time he answered a question, all of his breath would come out and hit me in the face."

Witness was asked on direct examination if anything was said about wine at the time, and gave the following answer:

"Mr. Gay asked me if he had anything else to drink and also asked if any of the group had anything else to drink, and he said that this fellow Wright had a half a bottle—half a pint of wine, and I don't know, he might have said he took a drink of that, but—".

Mr. Berry definitely stated that in his opinion the defendant was not under the influence of intoxicating liquor at the time he first saw him, shortly after the accident.

Witness testified on cross-examination that he was not acquainted with defendant at the time he met him at the scene of the accident. He was further interrogated concerning his interest in the case. We quote from the record:

"Q. And it is your opinion, then and now, that he wasn't drunk? A. I definitely say he wasn't under the influence of alcohol.

"Q. Now, you've testified here of your interest in this case saying that you are not counsel in this case, is that correct? A. I am a counsel in this case without pay.

"Q. Without pay. And then you testified that you were counsel for this man in a suit against the Hospital? A. Yes.

"Q. That's a $600,000 law suit that was filed, is that correct? A. Yes.

"Q. Now, this case you have against the Hospital, that is on a contingency fee basis, isn't it? A. Yes, sir.

"Q. In the event you make a recovery you have a fee. If you don't— A. If I don't, I lose everything—all my time and efforts."

At this point Patrolman Gay was called as a witness for the defense. He testified that he later had a conversation with Dr. Foshee at the hospital in Stillwater. He was interrogated by one of defendant's counsel, Mr. York, as follows:

"Q. I'll ask you if Dr. Foshee said this, or this in substance, to you with reference to Olen Butler—told you to take the black son-of-a-bitch and throw him in jail—that he ought to have been killed. Did he make that statement to you, or that in substance? A. In that substance, yes."

At the close of all the evidence, counsel for defendant renewed his demurrer and moved the court to direct a verdict of not guilty. The demurrer and motion were overruled with exceptions allowed.

From the above, and as has already been stated, the evidence discloses that defendant had no opportunity to partake of alcoholic drinks between the time of the accident and the arrival of Officer Gay or defendant's transportation to the hospital at Stillwater. He admitted without dispute that he had drunk beer prior to the accident and Officer Gay swore that he told him he had also had a half pint of wine to drink. Defendant attributed his accident to going to sleep. He denied telling the officer that he drank two or three beers

**1040**

and a half pint of wine. He did admit, however, that he had "two beers" about 9:00 A. M. prior to the accident.

While the evidence was conflicting on the question of defendant's intoxication at the time of the accident, the fact question was for the determination of the jury under proper instructions of the court. The court gave a proper instruction defining "under the influence of intoxicating liquor". No objections were made to the instructions given, and no additional or different instructions were requested.

■ We have said in many cases:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this court will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See Sholes v. State, 97 Okl.Cr. 158, 260 P.2d 440, 447, and cases cited.

■ While State's witness, Dr. W. C. Foshee, denied making disparaging remarks about defendant, defendant's testimony in that regard was in a measure corroborated by Officer Gay. Such might have influenced the jury to inflict the punishment in amount meted out. And while such, it must be admitted, is light in view of the other evidence and the crime charged, nevertheless this Court is dedicated to fair play; and, resolving any doubt in favor of the accused, and in keeping with authority granted this Court, we have decided to modify the judgment to a term of 15 days in jail, and to payment of a fine of $25.

The judgment and sentence as so modified is affirmed.

NIX and BRETT, JJ., concur.