Conrad WINTER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13083.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1962.

James P. Neal, Jr., Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant.

NIX, Presiding Judge.

Conrad Winter, the plaintiff in error, hereinafter referred to as the defendant, was charged by information in the county court of Garfield county with the crime of operating a motor vehicle while under the influence of intoxicating beverage. A jury was waived and the cause tried before the county judge who found defendant guilty and sentenced him to ten days in the county jail and to pay a fine of $100.

Defendant appeals to this court upon numerous assignments of error which may be condensed into the contention that:

"The verdict is contrary to law and the evidence and is wholly insufficient to sustain the judgment and sentence."

The state presented three witnesses to support the charge, then defense rested and chose to stand on a demurrer.

Witness Robertson testified he was driving on highway 81 on the 6th day of February, 1961, in the afternoon. That the weather as related by the witness—

" * * * wasn't too good that day. We came home in the morning from another place over here and they were pretty slick, but in the afternoon when this happened the ice was practically all off of the paving, the shoulders were worse than the paving.

Q. Well, tell the court briefly what you saw out there north of town?

A. Well, this incident happened out there, oh, about in front of Jerry Owen's right north of Four Corners there where you turn north on the old Hellums road.

Q. What did you see out there?

A. My wife and I were driving south and were following three cars and here comes a car from the south and it went around these three cars and it was clear out on the shoulder with two wheels and I though that was a little irregular. Well, there was about a hundred yards space between me and the three cars and when this man pulled back in he came clear over on my side of the road, clear over there right in front of me, but he did right the car just in time and we never touched each other * * *

Well, I looked through the rear mirror and I saw him go in the ditch, and we never stopped and we come on down to Atwood's and I thought I had better call the highway patrol.

Q. Did you call the highway patrol?

A. Yes.

Q. Now in that area where the car went off the road, was it slick or icy there?

A. I wouldn't say the pavement was slick but the shoulder would have been slick * * *

Q. Do you know who was driving the car?

A. No, I couldn't swear.

Q. Do you know what kind of a car it was?

A. Well, as near as I remember it was kind of a blue car, it could have been a Chevy, but I don't know.

Q. But you are not certain as to the car.

A. No, I am not certain."

Patrolman Summers testified he drove north of Enid on February 6, 1961, by directions from headquarters to investigate a reported drunk driver. (It is to be noted the patrolman did not testify upon which highway or road he proceeded north of Enid.)

"Q. And where did you go north of Enid?

A. Just across the road from Clark Johnson's or the first house north of the Chisholm Trail Monument.

Q. That is here in Garfield County, Oklahoma?

A. Yes.

Q. What did you find when you arrived in that area?

A. I found a '56 Chevrolet in the east bar ditch facing north, a driver under the wheel.

Q. Who was the driver?

A. Mr. Winters."

He then identified the defendant as Mr. Winters.

The patrolman further testified Mr. Winters was in a drunken condition. That a bottle of vodka was found in the car, the seal was broken and the bottle was about two thirds full. That there was snow on the shoulder of the road and the only tracks visible were those of defendant's who evidently had walked to the back of his car and returned. That there were no other cars in the ditch within a visible distance.

The record is silent as to what time witness Robertson saw a car go in the ditch other than the afternoon of February 6. The patrolman estimated the time of his arrival at the scene at approximately 4:15 p. m. February 6.

Patrolman Summers admitted he did not have personal knowledge that defendant drove the car into the ditch but was permitted to testify over strenuous objections by defense counsel that defendant told him he drove the car into the ditch. He further testified he arrested the defendant for public drunk and took him to jail.

The state produced one other witness, a Mr. Lang, employee of the Enid Police department. That he saw defendant upon arrival at the police station and heard defendant state he was driving the car. Defense counsel again objected to the testimony as being an extra-judicial statement and not admissible until the corpus delicti had been established by other means. It is to be noted that there was no evidence that defendant stated he was drunk at the time the car went into the ditch, but the statement objected to was that he was the driver of the car.

Defense contends that the evidence is wholly insufficient to establish the charge as related in the information and that the only evidence designating defendant as the driver was the purported confession made by the defendant to Patrolman Summers in the presence of witness Lang that he was the driver of the car. Defendant relies for reversal upon the case of Robinson v. State, 71 Okl.Cr. 75, 108 P.2d 196, wherein this Court said:

"Corpus delicti is defined as the substantial and fundamental fact or facts necessary to the commission of a crime, and means when applied to

any particular offense, the actual commission by some one of the particular offense charged."

Extra-judicial confession does not warrant a conviction unless it is corroborated by independent evidence, either direct or circumstantial. Also see Brown v. State, 81 Okl. Cr. 303, 164 P.2d 249, 166 P.2d 1021, where the Court said:

"It is well settled that extra-judicial confessions are those which are made by the defendant out of court whether to an official or non official person, and such confession in order to be admitted must be free and voluntary."

The Court further said:

In every criminal prosecution the burden rests upon the state of proving the corpus delicti beyond a reasonable doubt, and that a crime has actually been committed must necessarily be the foundation of every criminal prosecution and this must be proved by other testimony than a confession; the confession being admitted merely for the purpose of connecting the accused with the offense charged.

Also see Boggess v. State, 46 Okl.Cr. 283, 287 P. 764.

In the instant case the record is completely void of any testimony showing defendant to be intoxicated at the time or before he drove the automobile into the ditch. It is conceded that defendant was intoxicated at the time he was found by Patrolman Summers. Defendant had with him a bottle of vodka with approximately one third gone. It is admitted there were bad driving conditions—snow and ice. Witness Robertson stated he saw a car run off the road the afternoon of February 6. He doesn't state what time, whether in the early part or latter part of the afternoon. He could identify neither the driver or the car. Patrolman Summers found defendant about 4:15 p. m. February 6, sitting in his car in a ditch with a bottle of vodka two thirds full. The only evidence that defendant was driving the car is by a confession purportedly made by defendant wherein he stated he drove the car into the ditch when his car hit a slick spot on the pavement and he lost control.

It is to be observed that defendant nowhere stated he was intoxicated at the time the car went into the ditch and that time was never established except between 1 and 6 p. m. as being the afternoon of February 6. Outside of defendant's purported confession there is an entire absence of evidence that defendant drove the said car as alleged in the information.

The important element of the charge was that defendant drove a motor vehicle over and upon a public highway from a point unknown to a point approximately 2.7 miles north of Enid on U.S. 60 in Garfield County while under the influence of liquor. This was never proven. The proof only showed that defendant was found under the wheel of a motor vehicle in a ditch north of Enid in a drunken condition, and that some time that afternoon Robertson saw a car go into the ditch north of Four Corners where you turn north on the Hellum's road.

█ In the case of Kennedy v. State, 76 Okl.Cr. 256, 137 P.2d 244, this Court said:

"Where the evidence raises a mere suspicion, or, admitting all that it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to return a verdict of acquittal."

The Court further said in this regard:

It is a well established principle of law that where a criminal charge is to be proved by circumstantial evidence tending to show defendant's guilt, if any, the proof ought to be not only consistent with defendant's guilt, but inconsistent with any other rational conclusion. If Mr. Robertson had been able to establish the time he saw a car go in the ditch and that time precluded defendant from having an occasion to become inebriated after the accident and before the arrival of the patrolman, the circumstances would have justified the verdict if the jury was satisfied it was one and the same car. Then and in that event the

purported confession of defendant would have properly corroborated the circumstantial evidence. Very similar cases to support this theory may be found in Phenis v. State, 76 Okl.Cr. 156, 135 P.2d 62, and Brown v. State, 81 Okl.Cr. 303, 164 P.2d 249, 166 P.2d 1021.

In the Phenis case defendant was involved in a minor accident and was apprehended some time later the same afternoon. The officers did not see him driving the car. The Court said:

"* * * but the main fact is that neither of these witnesses, nor any other witness, testified whoever was driving the car was under the influence of intoxicating liquor. None of the other witnesses for the state identified the defendant, and while there may have been sufficient evidence offered by the state as to defendant being the party who was driving the car, there is absolutely no evidence that the one driving the car was under the influence of liquor at the time the car backed from where it was parked. The testimony of the two officers as to defendant being under the influence of intoxicating liquor was at a time long after the accident occurred, and defendant had ample opportunity to have become intoxicated after this occurred. (Defendant in Phenis case testified he became intoxicated after the accident)."

A case very much in point is the case of Line v. State, 191 Tenn. 380, 234 S.W.2d 818 where the court reversed the case and quoted from 5 Am.Jur. § 771:

"'Driving' an automobile within the meaning of statute prohibiting driving while intoxicated or while under the influence of intoxicating liquor undoubtedly means that the car must be moving along a street or highway."

The Court further said:

"The undisputed testimony is that at the time of the collision, the Ford of the Defendant was at rest on the highway, the motor was not turning over, and the defendant was doing nothing to the automobile, but sitting on the front seat waiting to be pushed off the highway by the driver of the car which had been flagged by Mrs. Helton * * * there was no evidence that the Defendant was at the time of the collision 'driving and operating' his automobile. Therefore, we are compelled to reverse on the ground that the verdict was against the preponderance of the evidence." Also see Mahan v. State, 127 Tenn. 535, 156 S.W. 458.

In the instant case no one was able to testify they saw defendant driving the vehicle. The case is void of any testimony as to the amount of time elapsing between the accident and the arrival of the patrolman.

The trial judge in considering the demurrer made the following statement among other things:

"It's a close question, a close one and this Court does not want to hold anybody on suspicion, that's true, but I think it's a very close question, I really do."

We agree with the learned judge that it is a very close question. However, after a careful review of the entire testimony we feel that elements of the crime charged were never proven, to-wit: that defendant was driving under the influence of alcoholic beverages. Therefore, the judgment and sentence is hereby set aside and the case reversed. If additional evidence can be obtained showing defendant drove the car while in a drunken condition, this case should be retried in accordance with this decision. However, if no other evidence is available the charge should be dismissed.

BRETT and BUSSEY, JJ., concur.