Mack **LOVELL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14344.

Court of Criminal Appeals of Oklahoma.

May 14, 1969.

Red Ivy, Chickasha, and Justus Hefley, Anadarko, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

The plaintiff in error, Mack Lovell, hereinafter referred to as defendant was charged in the District Court of Caddo County with the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, second and subsequent offense. The jury found the defendant guilty of Operating a Motor Vehicle While Under the Influence (first offense), and assessed his punishment at 30 days in the county jail and to pay a fine of $300.00.

The defendant lodged his appeal to this Court in the time prescribed by law asserting numerous assignments of error. However, only one of defendant's contentions of error—number 4—will be herein discussed. Proposition number 4 contends: "Error of the Court in permitting the District Attorney to make statements and introducing evidence concerning defendant's prior conviction of driving while intoxicated as a part of his voir dire, and the state's case-in-chief, which placed the defendant's character in issue".

In substance, defendant contends that the rules laid down in Harris v. State, Okl.Cr., 369 P.2d 187, should have been followed in the case at bar.

In the instant case, the information charged that:

"* * * defendant had previously been convicted of driving while intoxicated in the county of Caddo, State of Oklahoma, case number 12848. Upon his plea of guilty on December 7, 1965, he was fined $150.00 and sentenced to 10 days in the county jail."

Defendant contends that to set forth his previous conviction in the information and having it read to the jury or any mention thereof prior to his taking the stand was highly prejudicial, and a failure to apply the rules in the Harris case, supra, denied him a fair and impartial trial to which he is entitled to under the Constitution of this State and Nation.

The Harris case, supra, provided as follows:

"Allegations of prior convictions in information place reputation of defendant in issue at commencement of trial and is violation of rule that defendant's reputation may not be placed in issue until

such time as it is raised by defendant himself."

"Under second and subsequent offense statute, information should be divided into two parts: In the first, which should be upon first page and signed by prosecuting officer, particular offense with which accused is charged should be set forth; and in second, which should be upon second page, separable from first page and signed by prosecuting officer, former conviction should be alleged." 21 O.S.A. § 51.

"Under second and subsequent offense statute, entire information should be read to accused and his plea taken in absence of jurors, and, after jury has been impanelled and sworn, that part of the information which sets forth crime for which accused is to be tried should be read to jury, and trial should then proceed as if there were no allegations of former convictions." 21 O.S.A. § 51.

"Under second and subsequent offense statute, jury should be charged with sole responsibility of reaching verdict as to guilt or innocence of defendant upon charge for which he is being tried, and if jury returns verdict of guilty, evidence should then be presented to prove second portion of information as to prior convictions, and jury should then retire to assess punishment within limits prescribed by statute for primary offense, and, if they find him guilty of prior conviction, they may set punishment as provided in second and subsequent offense statute." 21 O.S.A. § 51.

Approximately 10 months after the *Harris* decision, October 12, 1962, Judge John Brett wrote the following language in Hunter v. State, Okl.Cr., 375 P.2d 357:

"In all future cases involving second and subsequent drunken driving, the principles announced in Harris v. State, supra, must be applied * * *."

However, it was written in the *Harris case* that it was not applicable to a previous misdemeanor conviction which formed the basis for a felonious prosecution as prescribed, for instance, in Title 47, O.S.A. § 93.[1]

This Court included the above exception because second and subsequent drunk driving offenses constitute a felony and the first offense a misdemeanor, and at the time only the District Court had jurisdiction in felony cases and did not have jurisdiction in a misdemeanor case. It was therefore necessary to allege a previous conviction to give the District Court jurisdiction. Since the new "Court Reform" system has gone into operation, all cases are filed in District Court, and it is no longer necessary to allege the previous convictions in the same information.

■ This Court, as now constituted, is of the opinion that said charge arising under Title 47 O.S.A. § 11–902 shall be filed in two page informations, the first page alleging the primary offense, the second alleging the previous conviction as set forth in the Harris case as to other type cases.

In other words, '*Driving While Intoxicated—Second and Subsequent Offense'—is hereby removed as an exception under the Harris opinion, and the principles therein adopted are now applicable to all cases involving previous offenses.*

■ It is next contended that the District Attorney asked improper, prejudicial, and hypothetical questions during voir dire of jury which were designed with sole purpose of having jurors indicate in advance what their decision would be under certain facts. On voir dire, the record reflects that the District Attorney asked the following questions:

"Q. Is there any one of you that disagrees or finds fault with the State law of the State of Oklahoma that says it shall be a criminal violation

1. See, Broome v. State, Okl.Cr., 440 P.2d 761, wherein the quoted language from

Hunter, supra, was specifically overruled.

for a person operating a motor vehicle while under the influence of intoxicating liquor?"

"Q. Is there any one of you that feels it is unfair and undue incrimination for a person who is charged with a second and subsequent offense in operating a motor vehicle while under the influence of intoxicating liquor, the punishment to be in the state penitentiary? By this I am trying to explain to you that the second and subsequent offense is a felony. That is why we are here."

"Q. Do any one of you have any qualms about the law that makes a second and subsequent a felony?"

"Q. Is there any one of you here who would not send this man to the penitentiary if the evidence shows that he was guilty of driving while under the influence of liquor, after former conviction?"

Defense counsel objected to this line of questioning, and asked for a mis-trial, which was overruled.

He further argues that this placed defendant's character at issue and constituted improper voir dire examination and cites as authority Broyles v. State, 83 Okl.Cr. 83, 173 P.2d 235, wherein it was stated:

"In examination of prospective jurors on voir dire, hypothetical questions are not competent when their evident purpose is to have jurors indicate in advance what their decision will be under certain state of evidence or upon a certain state of facts."

We agree with defense counsel that this constituted improper voir dire examination. This further indicates the necessity of application of the rules as enunciated in the Harris case. Thus applied, such examination will be eliminated.

Defendant further complains that it was improper, and constituted error for the trial judge to permit a Highway Patrolman to testify as to having arrested defendant in September, 1965 for driving while intoxicated, which offense was the basis for the second and subsequent offense. Defendant contends that all that was necessary was the testimony of the Court Clerk who had the court record in his possession and related the judgment and sentence in the previous convictions. He argues that to permit the Highway Patrolman to testify as to the arrest, issuing the citation, etc., served no purpose other than to prejudice the rights of defendant. The Court Clerk's testimony was sufficient to establish the previous conviction. He presented the judgment and sentence in case number 12848 where Mack Lovell was the defendant, and stated that the charge was for driving while intoxicated. The Highway Patrolman only testified that he arrested defendant in September, 1965, and gave him a citation for driving while intoxicated. It was never connected with a conviction. However improper, it will likewise be corrected by the application of the procedure under the Harris case.

■ The defendant cites numerous contentions of error which he alleges kept defendant from having a fair trial, and a review of the entire record leads this Court to believe justice would be best served if said cause was re-tried.

It is not the desire of this Court that this case should be reversed because it was not tried according to the procedures laid down in the Harris case, but because of a cumulation of irregularities that denied defendant a fair trial.

IN ADOPTING THE HARRIS PROCEDURE HEREIN, WE MUST STATE IT IS NOT TO BE RETROACTIVE, BUT SHALL APPLY TO ALL CASES TRIED IN THE FUTURE, OR, FROM THIS DATE FORWARD.

Therefore, it is ordered that said judgment and sentence be set aside, the case reversed and remanded with instructions to re-try said cause in line with procedure outlined in Harris v. State, supra.

Reversed and remanded for a new trial.

BRETT, P. J., and BUSSEY, J., concur.