Clark Berry LEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–324.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1977.

Clarke Randall, Appellate Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Judge:

Appellant, Clark Berry Lee, hereinafter referred to as defendant, was charged by information in the District Court, Tulsa County, Case No. CRF–76–1928, with the offense of Burglary in the Second Degree, After Former Conviction of a Felony. After conviction by a two-stage jury trial on October 27, 1976, he was sentenced to twenty-seven (27) years' imprisonment under 21 O.S.Supp.1976, § 51(B). Judgment and sentence was pronounced upon the defendant on November 9, 1976. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness, Charles Strickland, established that someone unknown had committed a burglary of his home in Tulsa, Oklahoma, while he and his family were on vacation between July 10, 1976 and July 17, 1976. He identified the defendant as the brother of Shirley Ann Rivers, who lived next door. On the morning the Strickland family departed, the defendant walked by their already packed car. After greeting each other, defendant inquired as to where Strickland was going, and Strickland told the defendant he was going out of town. The defendant was wearing burgundy colored pants, a white T-shirt and tennis shoes, which was the same attire Strickland observed him wearing upon returning one week later. Entry to Strickland's house was apparently gained by breaking a large glass window at the rear of his residence, and the total loss in the burglary was assessed at over $3,700.00.

Strickland's neighbor, Melba Meeks, testified that shortly after 4:00 a. m. on July 14, 1976, she was awakened by her daughter Glenda. Upon hearing dogs barking she looked out her bedroom window and observed a black man wearing a white T-shirt and burgundy colored pants in Strickland's back yard. The man was taking boxes and other objects and setting them on the other side of the fence into Ms. Rivers' yard.

Glenda Meeks, the 14-year-old daughter of Melba Meeks, testified that she heard glass breaking, and further identified the defendant as the person she had observed in the Strickland's backyard, moving the objects over the fence. After jumping over the fence to stack the boxes, the defendant jumped back into Strickland's yard. She observed him then climb through the den window of Strickland's home. Thereafter, the lights in Strickland's home went off. The witness recognized the defendant by not only the clothes he was wearing, but also from observing him in Strickland's backyard.

After the State rested, the defendant testified that he was staying at his sister's house at the time of the alleged crime. He denied knowing anything about the burglary.

Defendant assigns as error certain conduct of the prosecutor as being improper and causing prejudice to the defendant. The first comment objected to was during the prosecutor's opening statement, where

he observed that the defendant appeared bored. Counsel duly objected, and the jury was admonished to disregard the comment. Defendant also calls our attention to other comments to which objections were made, and the jury admonished, none of which we need recite here. Where the trial court admonishes the jury not to consider remarks of counsel, such admonishment usually cures the error, if any, unless it is of such nature, after considering the evidence, that the error appears to have determined the verdict. *Kitchens v. State,* Okl.Cr., 513 P.2d 1300 (1973). Considering the evidence in the instant case and the posture of the remarks complained of, we view the prosecutor's remarks as not having prejudiced the verdict, and find the defendant's contention to be without merit.

Defendant's second assignment of error concerns the instruction given on the Habitual Offender's Act, 21 O.S.Supp.1976, § 51. Defendant's assertion is that the mandatory term as assessed in paragraph B of that act denies due process because it does not permit the jury the opportunity to exercise discretion. Defendant also asserts that such imposition of a mandatory sentence (in this case 27 years) constitutes cruel and unusual punishment and is totally arbitrary. We have no need to address the defendant's assertion due to our holding in *Thigpen v. State,* Okl.Cr., 571 P.2d 467 (1977), that 21 O.S.Supp.1976, § 51(B), is unconstitutional. In that case we held that Section 51(B) was so vague and illusory when construed with Section 51(A), that it cannot be construed in such a manner as to implement the legislative intent.

This Court is cognizant of the fact that if instructed under 21 O.S.Supp.1976, § 51(A), the defendant could have received a sentence greater than 27 years as well as a lesser sentence, however, in view of the fact that the jury in this case was left without any choice but to impose a sentence of 27 years, as required by 21 O.S.Supp. 1976, § 51(B), this Court finds that the sentence in the instant case in the interest of justice should be, and hereby is *MODIFIED* from twenty-seven (27) years to sev-

enteen (17) years, and as so modified the judgment and sentence appealed from is *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.