Johnny Wilborn BROWN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–77–718.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1978.

**232**

Cal Hoover, Melson & Hoover, Ada, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

Appellant, Johnny Wilborn Brown, hereafter referred to as defendant, was convicted in a nonjury trial in the Pontotoc District Court, Case No. CRM–77–190, for Driving Under the Influence of Intoxicating Liquor, contrary to 47 O.S.1971, § 11–902. Punishment was assessed at ten (10) days in jail and a Three Hundred Dollar ($300.00) fine.

James Fox, Ada police officer, testified that at about 3:30 a. m. on April 2, 1977, he investigated an accident, wherein a red 1975 Chevrolet had hit a parked car, knocking it into a sign and causing extensive damage. Officer Fox stated that when he first arrived on the scene, the defendant was near the red Chevrolet but not inside. Subsequently, the defendant walked around in the street, holding his hand to his chest, and at one point sat behind the wheel of the vehicle. During this time, Officer Fox asked the defendant several questions concerning the accident. The defendant replied that while driving he lost control of his car, went off the road and struck a parked car. The officer noted that defendant had a strong odor of alcohol on his breath and was unsteady on his feet.

Ada Police Chief Richard Gray administered the breathalyzer test to the defendant and testified that the result indicated 0.15% blood-alcohol content.

The defendant demurred to the State's evidence and offered no evidence of his own.

■ Defendant's first assignment of error is that the trial court improperly permitted Chief Gray to testify as to the results of the breathalyzer test when no proper foundation had been laid. In *Westerman v. State,* Okl.Cr., 525 P.2d 1359 (1974), this Court held that 47 O.S.1971, § 759, requires that the State prove that the rules promulgated by the Board of Chemical Tests for Alcoholic Influence have been complied with, prior to the admission of the results of a breathalyzer test. Defendant contends this was not done with regard to the "periodic maintenance requirement," as set out in *Westerman v. State,* supra.

The evidence revealed that while Chief Gray had the required permit to administer the test, he was not qualified to perform the periodic maintenance. However, a subordinate, Lieutenant Barrett, was so qualified, but was on vacation at the time of trial and did not testify. In lieu of his testimony, the State introduced a "maintenance logbook" containing entries by Lieutenant Barrett and another similarly qualified officer, indicating when and what maintenance had been performed. Chief Gray testified that the logbook is required to be kept by law, that he periodically checked it to insure that the maintenance of the breathalyzer device was being performed, and that he had personally assured himself that Lieutenant Barrett had the proper qualifications and credentials for performing such maintenance.

This Court notes after examining a copy of the logbook, that the notations contained therein indicate that the maintenance performed was in compliance with the rule promulgated by the Board of Chemical Tests for Alcoholic Influence, Rule 1B.

See, *Westerman v. State,* supra. Defendant does not contest the accuracy of the notations, nor does he contend that Lieutenant Barrett was not qualified to perform the maintenance task. In *Westerman,* it was said that although the State bears the burden of proof, "[t]his proof can be established without the necessity of calling the Supervisor who performed the required maintenance, if it can be shown through other testimony that there was compliance of all regulations." 525 P.2d at 1361, 1362. Further, in *Oklahoma Department of Public Safety v. Robinson,* Okl., 512 P.2d 128, 134 (1973), the Oklahoma Supreme Court stated:

> "A record of primary facts, made by a public officer in the performance of official duty may be competent prima facie evidence of the existence of such primary facts. . . . " (Citations omitted)

Here, Lieutenant Barrett, a state officer, performed certain maintenance and recorded this fact in a record required to be kept by law. Chief Gray, who testified at trial, had the primary responsibility to see that this was done. We conclude Chief Gray's testimony laid an adequate foundation for the admissibility of the logbook into evidence. The entries in the logbook indicate the maintenance was performed. Therefore, the requirement of *Westerman,* that the State prove the rules and regulations have been complied with, has been satisfied. Defendant's first assignment of error is without merit.

Defendant's second and third assignments of error contest the sufficiency of the evidence under two propositions. First, defendant contends the State failed to prove the corpus delicti of the crime, such as would justify the admission of the statements made by the defendant. Second, he argues that the State's case was entirely based upon circumstantial evidence and was not such as would exclude every reasonable hypothesis except that of guilt.

Since we agree with defendant's second proposition, we find it unnecessary to decide the first. However, for the sake of argument, we will assume that the State adequately proved that the defendant was driving the car which was involved in the accident.

■ Defendant's second proposition asserts that although the State showed defendant was intoxicated when arrested, it failed to show he was intoxicated while driving the subject automobile. Defendant contends that since the State failed to prove when the accident occurred, the State's evidence did not exclude every reasonable hypothesis except that of guilt—that is, the defendant could have become intoxicated after the accident, but before the police arrived.

Defendant cites an exhaustive list of authority, from various jurisdictions in support of his argument, including *Winter v. State,* Okl.Cr., 368 P.2d 514 (1962). In that case, a witness testified that while driving at a specified location he observed another car run off the road into a ditch. Subsequently, he called the police. The time of the incident was never established except between 1:00 p. m. and 6:00 p. m. in the afternoon. Another witness for the State, a policeman, testified he went to investigate an incident similar to the one reported to the police by the previous witness. After proceeding to a location north of Enid, Oklahoma, he found a car in a ditch, with the defendant behind the wheel in a drunken condition. A two-thirds-full bottle of liquor was found in the car. The officer was permitted to testify over objections by defense counsel, that defendant told him he drove the car into the ditch when his car hit a slick spot and he lost control.

This Court reversed defendant Winter's conviction, holding that since the State did not establish when the accident had occurred in relation to when the officer discovered the defendant drunk behind the wheel, the State's case did not exclude the possibility that defendant had become inebriated after having the accident but before the police arrived—that is, the State did not show that the defendant was intoxicated while driving, which was held to be part of the corpus delicti of the crime charged.

The defendant further relies on cases from four other jurisdictions, factually similar to the case at bar in that they involved proof of a single vehicle accident and that defendant was intoxicated when the police arrived, but no proof as to when the accident occurred. In each case it was either assumed the defendant was the driver, or his statements to that effect were accepted as proof of that fact without discussion of the corpus delicti.[1] See, *People v. Hess,* 24 Ill.App.3d 299, 320 N.E.2d 344 (1974); *State v. Clark,* 130 Vt. 500, 296 A.2d 475 (1972); *State v. Creighton,* Iowa, 201 N.W.2d 471 (1972); *State v. Kennedy,* Mo.App., 530 S.W.2d 479 (1975). Judgment was reversed in each case on the ground that since the state failed to show when the accident occurred, the circumstantial evidence was not such as to exclude every reasonable hypothesis except that of guilt.

In *Winter v. State,* supra, the inference that defendant became intoxicated after the accident is much stronger than in the present case, because in *Winter* a bottle of liquor, two-thirds-full, was found in the car with the defendant. In the instant case, there was no testimony concerning whether or not defendant's car contained empty or partially empty liquor containers. Nor was there testimony concerning whether or not there were open saloons, grocery stores, or the like in the vicinity of the accident. Evidence did indicate that when the police arrived upon the scene at 3:30 a. m. there was no one else about except the defendant.

In every criminal case, the State bears the burden of proof. The fact that there was no testimony concerning whether the defendant's car contained liquor must therefore inure to the benefit of the defendant. Had the officers been able to testify positively that they looked in the car and in the near vicinity, and found no liquor or "empties," then that would have been one more circumstance tending to indicate that the defendant was intoxicated while driving. Whether it alone could have been

sufficient to carry the State's burden is a matter upon which we express no opinion. We state it merely to illustrate the kind of testimony which in a case like the one at bar could take the place of direct testimony from an eyewitness concerning the circumstances of the accident. Other factors might be the time when the defendant was last seen imbibing prior to the accident, and the traffic borne by the thoroughfare, which might tend to negate the possibility that the wrecked vehicle had been where it was found for any great length of time. See, *People v. Hess,* supra, 320 N.E.2d at 346.

In the present case, however, we are forced by the weight of authority to conclude that although the inference that the defendant became intoxicated after the accident is not as strong as in *Winter v. State,* supra, the State's case nonetheless failed to exclude every reasonable hypothesis except that of guilt.

For the reason that the evidence was insufficient, the cause is hereby *REVERSED* and *REMANDED* to the District Court in compliance with *Burks v. United States,* ---- U.S. ------, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

BUSSEY, P. J., and BRETT, J., concur.

---

1. As noted previously, in the case at bar, we have assumed without deciding that the defendant was the driver.