**Johnny M. ISOM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–605.**

Court of Criminal Appeals of Oklahoma.

June 10, 1982.

Ronald V. Collier, Hennessey, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Johnny M. Isom, was convicted of two counts of Murder in the Second Degree, pursuant to laws 1976, ch. 1, § 2, now 21 O.S.1981, § 701.8, in the District Court of Kingfisher County. He was sentenced to ten (10) years' imprisonment for each count, said sentences to run consec-

utively, and has perfected a timely appeal to this Court.

The charges which resulted in the appellant's conviction stem from a one-vehicle accident in which the appellant was the sole survivor. The appellant's two companions, Kimberly McLaughlin and Cindy Burgess were killed in the accident. The conviction was based on 21 O.S.1981, § 701.8(2), wherein one may be found guilty of said charge when the homicide is perpetrated by a person engaged in the commission of any felony other than those listed in the first degree murder statute, 21 O.S.1981, § 701.-7.[1] The State proved that the appellant was engaged in the commission of a felony at the time of the accident by demonstrating that he was driving the pickup while intoxicated, after a former conviction of driving while intoxicated.[2]

The appellant argues in his third assignment of error that the State improperly alleged his previous conviction for DUI in the single page information, thereby placing his reputation in issue. The appellant cites Lovell v. State, 455 P.2d 735 (Okl.Cr. 1969) and Harris v. State, 369 P.2d 187 (Okl.Cr.1962) in support of his contention that charges arising under 47 O.S.1981, § 11–902 must be filed in two page informations; with the first page alleging the primary offense, and the second page alleging the previous conviction(s).

We distinguish the case before us from Lovell and Harris. Both of those cases dealt with allegations of former convictions contained in the first page of the information which were relevant for the sole purpose of enhancement of the penalty. The former convictions had no relevancy in the proof of the principal crime(s) with which the accused were charged. Thus, in Lovell and Harris it was held that the former convictions of an accused must be alleged in the second page of an information to prohibit the defendant's character and reputation from being improperly placed in issue during the case in chief.

1. The felonies listed on 21 O.S.1981, § 701.7 are forcible rape, robbery with a dangerous weapon, kidnapping, escape from lawful custody, first degree burglary and first degree arson.

2. Second and subsequent convictions for driving while under the influence of intoxicants are elevated from misdemeanor status to felony pursuant to 47 O.S.1981, § 11–902.

■ In the present case, however, the felony alleged (driving while under the influence of intoxicant, second offense) was an essential element of the murder in the second degree charge. The State could not have proven its case against the appellant as a matter of law had there been a bifurcated trial and no mention made of the former DUI conviction in the first stage, because the element that the appellant was engaged in the commission of a felony would not have been proven. The determining factor in the decision to charge a defendant in a one page or two page information is whether the first page of a proposed two page information would contain facts sufficient to allow the trier of fact to find that a statute has been violated. If not, as in the present case, a single page information must be used. See, *Williams v. State*, 565 P.2d 46 (Okl.Cr.1977); *Marr v. State*, 513 P.2d 324 (Okl.Cr.1973).

Furthermore, this case falls directly under the statutory provisions of 22 O.S.1981, § 860:

In all cases in which the defendant is prosecuted for a second or subsequent offense, *except in those cases in which former conviction is an element of the offense*, the procedure shall be as follows: [provisions for bifurcated trials] (Emphasis added).

The appellant's prior DUI conviction was properly alleged in the single page information.

■ We add a final note to discussion of this assignment of error. If we were to assume *arguendo* that there was merit to the appellant's argument, the error was waived. In all cases wherein the defendant has retained or waived counsel prior to the entry of a not guilty plea, the defendant must file a motion for bifurcated proceedings prior to that plea. Failure to do so constitutes waiver. *Birch v. State*, 603 P.2d 1161 (Okl.Cr.1979); *Williams*, supra. The appellant was represented by counsel prior to his plea, and a motion was not filed in this case.

■ The appellant's next allegation of error challenges theblood test taken from

him at the hospital subsequent to the accident. He correctly asserts that he was not informed that he could choose between a blood test and a breath test as required by our implied consent statute, 47 O.S.1981, § 751. However, at the time of the appellant's arrest, he was complaining of severe back pains. Due to the possible nature of his injuries, the arresting officers deemed it dangerous to the appellant's safety and well-being to remove him from the hospital to the police station to administer the breath test. Thus, when reading the implied consent statute to the appellant, the officer deliberately ommitted the language indicating the option.

The statutes of this State are to be enforced and applied according to the language contained within them. However, given the exigent circumstances with which the officer was faced, he exercised the discretion vested in him as an officer of the law in a reasonable and prudent manner to comply with the statute as substantially as possible. We cannot say that the manner in which he complied with the statute resulted in unfair prejudice to the appellant.

The appellant additionally argues that, due to the accident, he was rendered incapable of giving consent to a blood test, and should be allowed to revoke his consent. He maintains that he remembered nothing from the time shortly after the accident occurred until he awoke in a hospital bed the next morning.

■ Both of the arresting officers and the attending nurse testified that the appellant, though intoxicated, was alert and understood what was happening around him when he consented to the test. Thus, the trial court was presented with sufficient conflicting evidence to dismiss the appellant's motion to suppress the results of the blood test. The question of suppressing evidence is a judicial question and this court will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the judge's findings. *Luna v. State*, 481 P.2d 814 (Okl.

Cr.1970); *Pickens v. State*, 372 P.2d 618 (Okl.Cr.1962).

■ The appellant complains that he was not advised of the "true" charge against him (i.e. Murder in the Second Degree) at the time of his arrest and blood test. This assignment of error is meritless. The decision concerning what charges will be filed against an accused lies in the discretion of the prosecutor. *Babek v. State*, 587 P.2d 1375 (Okl.Cr.1978); *Jenkins v. State*, 508 P.2d 660 (Okl.Cr.1973). The arresting officers did not know what charges the prosecutor would bring against the appellant, and they cannot be held responsible for their failure to second guess the charges.

The defendant lastly alleges that the State failed to establish by direct evidence that he was the operator of the motor vehicle. He maintains the trial court should have sustained his demurrer to the State's evidence (more properly known as a motion for directed verdict.)

■ We note from the outset that circumstantial evidence may be used in this State to establish that a defendant was the driver of a vehicle and that he was driving while under the influence of intoxicating liquor. *Mathes v. State*, 552 P.2d 415 (Okl. Cr.1976). If there is any competent evidence which reasonably supports the allegations of the charge against a defendant, a demurrer should not be sustained. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980); *Towry v. State*, 540 P.2d 597 (Okl.Cr.1975). Further, where there is competent evidence, albeit entirely circumstantial, from which the jury may reasonably find a defendant guilty, the weight, credibility and probative value of such evidence is left to the province of the jury, and this Court will not disturb the verdict for insufficiency of the evidence. *Harris v. City of Tulsa*, 589 P.2d 1082 (Okl.Cr.1979); *Mathes*, supra.

■ The record amply supports a finding that the appellant was the driver of the vehicle and that he was intoxicated at the time of the accident. Two persons who witnessed the accident and rendered assistance to the appellant immediately thereafter testified they found him sitting behind the steering wheel of the wrecked pickup truck, in an unconscious state, smelling of alcohol, with one hand on the wheel and one foot on the accelerator pedal. Upon regaining consciousness, the appellant informed the two that he had been driving the vehicle at the time of the accident. Empty beer cans were found in the bed of the pickup. The two witnesses expressed belief that the appellant was intoxicated.

The officer who investigated the accident testified that he detected the odor of alcohol on the appellant's breath, determined from his demeanor that he was intoxicated, and decided upon conclusion of his investigation to direct that the appellant be arrested for DUI.[3] The appellant informed the attending nurse at the hospital that he had consumed two six packs of beer that evening. The nurse testified that she smelled the odor of alcohol on the appellant. One of the officers present when the appellant was arrested testified the appellant smelled of alcohol and that the officer believed that he was intoxicated.

In addition, we must note that the location of the victims after the accident justified the conclusion that the appellant was driving when the accident occurred. The passenger side of the pickup was torn open from the initial impact with the bridge abutment. The body of one of the victims was found lying on the highway a short distance from where the pickup came to rest. The other deceased woman was pinned beneath the right front of the pickup. The sole occupant of the cab in the aftermath was the appellant, who was positioned directly behind the steering wheel. There is ample evidence to support a finding that the appellant was driving while intoxicated at the time of the accident.

---

3. The appellant was escorted by ambulance to a hospital located in Enid, Oklahoma before the officer completed his investigation. Thus, at the request of the officer, Enid police officers effected the appellant's arrest.

1293

The appellant argues that *Brown v. State*, 584 P.2d 231 (Okl.Cr.1978) and *Winter v. State*, 368 P.2d 514 (Okl.Cr.1962) are controlling in this case. In *Brown* and *Winter*, we held that the defendants' convictions for DUI could not stand because the State failed to prove when the accident occurred, thus allowing for the possibility that the defendants had become intoxicated *after* the accidents occurred. The appellant argues that such was the case in his trial, because he was placed in the van of a passerby until the ambulance arrived to escort him to the hospital.

Neither *Brown* nor *Winter* is applicable to the case at bar. The time of the accident was established at trial. Witnesses smelled alcohol on the appellant prior to the arrival of the van. Additionally, the driver of the van testified that, although he did have beer in the van, it was in an ice chest which had to be removed to allow the appellant to lie inside the van. The appellant's assertions are unfounded and without merit.

From the evidence presented at trial, the jury was justified in finding beyond a reasonable doubt that every reasonable hypothesis except the defendant's guilt was eliminated.

The judgments and sentences are therefore AFFIRMED.

CORNISH, J., concurs.

BRETT, P. J., concurs in results.