Everett Bill **HOLLAN** and Marion **Hollan, Appellants,**

v.

The **STATE** of Oklahoma, **Appellee.**

No. F–81–282.

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1984.

Rehearing Denied Feb. 22, 1984.

Stanley D. Monroe, Tulsa, for appellants.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellants herein, Everett Bill Hollan and Marion Hollan were conjointly tried in the District Court of Tulsa County, Case No. CRF–80–1339. Everett Bill Hollan was convicted and received sentences as follows: Counts I and II, second degree murder with life imprisonment in each count, said counts to run consecutively to one another and concurrently with counts III, IV and V; Counts III, IV and V, shooting with intent to kill, with sentences of thirty-five years' imprisonment for each, said sentences to run concurrently with each other and with counts I and II. Marion Hollan was convicted of and received the following sentences: Counts I and II, second degree murder after former conviction of two or more felonies with life imprisonment on each count, said sentences to run consecutively to one another and concurrent with counts III, IV and V; Counts III, IV and V, shooting with intent to kill after former conviction of two or more felonies, with sentences of fifty years' imprisonment on each count, said sentences to run concurrently with each other and with counts I and II. They have perfected a joint appeal to this Court.

At approximately 11:00 on the night of March 21, 1980, a fight occurred in the parking lot of George's Bar and the Swinger Lounge in Tulsa, Oklahoma. It began with an argument between several men, but eventually involved appellant Everett Bill Hollan, Eddie Roden a/k/a Eddie Mosier and Danny Teague. Teague defeated Everett and Eddie in the fight, and the two vanquished combattants drove away in a green van.

Eddie and Everett drove the green van to the home of Clifton Mosier, Eddie's step-brother. Clifton was not there, but the two managed to locate him at the home of Bobby Jo Billings. Upon request by Eddie and Everett, Clifton agreed to go find the person who had beaten them in the fight outside George's Bar. Billings declined to accompany the trio, but instead armed them with a .22 caliber rifle.

Shortly after midnight, four men appeared at the door of George's Bar and demanded admittance. As George Robinson, the owner of the bar, stood talking to the men, one of the four stated, "I want the guy that whipped my brother." In response, Robinson told him that he would not be permitted to come into the bar, but that he was free to look inside.

At that point, Johnny Bratt, one of the deceased victims, approached the door and stated, "You better get away from the door. You done been whipped once." One of the four men shot Bratt in the chest with two blasts of a shotgun. Robinson was then shot in the stomach. A total of five shots were fired into the bar, leaving two men dead and three seriously injured. Robinson fell to the floor, but managed to see a green van pull out of the parking lot.

■ The appellants first allege that the evidence adduced at trial was insufficient to sustain the verdicts against them. We find that the State presented ample evidence that the two appellants participated in the crime, either directly or as principals.

James Sweeny, who was shot that night, testified that the shootings occurred shortly after he arrived at George's Bar. He was able to see the four men at the door, and identified appellant Marion Hollan as the one who shot him. Sweeny had previously identified appellant Marion Hollan in a lineup.

The testimony of several witnesses established appellant Everett Bill Hollan's association with the green van throughout the evening. He solicited Clifton Mosier's

aid in his plot for revenge.[1] A man matching the description of Clifton Mosier was one of the four men who came to the barroom door, thereby supporting an inference that Everett Bill Hollan was also in the company. Clifton Mosier was later discovered to possess one of the shotguns used in the killings. A witness testified that the two men he had seen fighting earlier in the evening were two of the four who were at the barroom door. Both of the appellants were in the company of Clifton Mosier and Eddie Roden a/k/a Eddie Mosier shortly after the shootings. At that time, appellant Everett Bill Hollan returned the loaned .22 rifle to Bobby Jo Billings, stating, "[i]t's all tooken care of."

■ Although not all of the evidence identifying the appellants as the perpetrators of the shootings, or as accomplices of those who actually performed the shootings was direct evidence, it is well established in this state that a conviction may be had upon circumstantial evidence. *Fiorot v. State*, 641 P.2d 551 (Okl.Cr.1982). It was the province of the jury to weigh the evidence and determine the credibility of witnesses. *Isom v. State*, 646 P.2d 1288 (Okl.Cr.1982). It is apparent from the evidence that all four members of the group shared a common scheme as they armed themselves with shotguns and rifles, and went to George's Bar seeking revenge. They were all equally guilty under 21 O.S. 1981, § 172, as principals. We are convinced that the evidence supports the jury's verdict, and we shall not disturb it on the grounds of insufficiency upon this appeal. *Isom*, supra.

■ The appellants next argue that State's exhibit numbers 5 and 8, which were photographs of the deceased victims as they lay in the barroom, were gruesome and should not have been allowed into evidence. The issue was not preserved in the appellants' motions for new trial, and is not properly before this Court on appeal.

*McDuffie v. State*, 651 P.2d 1055 (Okl.Cr. 1982). Having reviewed the photographs for fundamental error, we do not find them to be so prejudicial as to have outweighed their probative value. 12 O.S.1981, § 2403; *Stafford v. State*, 669 P.2d 285 (Okl.Cr. 1983).

The appellant's third assignment of error is that Bobby Jo Billings' written statement that Everett Bill Hollan told him as he was returning the .22 rifle that "[i]t's tooken care of" was improperly admitted into evidence. They argue that the statement was not made available to them by the prosecutor pursuant to the trial court's order on their motion to produce.

■ We recently considered this very issue in the case of *Jones v. State*, 660 P.2d 634 (Okl.Cr.1983). As in *Jones*, the statement made to Billings by Everett Bill Hollan was not the product of police interrogation, therefore the State was under no obligation to provide them with a copy of it. The appellants were on notice that Billings would testify, and it was their responsibility to ascertain the substance of the testimony. *Jones*, supra, 660 P.2d at 641.

Fourthly, the appellants complain of allegedly inflammatory remarks made by the prosecutors.

■ The first two remarks of which the appellants complain were made out of the presence of the jury. No possible prejudice could have resulted from the remarks.

■ Next we find the prosecutor's remark that the defense counsel "may not like" the testimony of a witness, and his reference to the appellants as "Sweet Marion" and "Sweet Bill" not to have been prejudicial.

■ The appellants complain that Mr. Hobbs improperly accused defense counsel of creating a "smoke screen," and further commented on their right to remain silent by pointing out that certain evidence was

---

1. Clifton Mosier was charged and tried separately for his participation in the shooting event. He was convicted of two counts of Murder in the Second Degree, and three counts of Shooting with Intent to Kill. His appeal has been affirmed by this Court in *Mosier v. State*, 671 P.2d 62 (Okl.Cr.1983).

"uncontradicted." No objection was made to the comments, thereby waiving any error not of fundamental magnitude. *Odum v. State*, 651 P.2d 703 (Okl.Cr.1982). We find no fundamental error in the prosecutor's arguments. *Welliver v. State*, 620 P.2d 438 (Okl.Cr.1980).

 The trial court sustained defense counsel's objections to Mr. Hobbs' "societal alarm" argument, and admonished the jury to consider only the evidence they heard. The error, if any, was cured thereby. *Lee v. State*, 572 P.2d 260 (Okl.Cr.1977).

Lastly, the appellants complain of the following argument, which was made by the prosecutor during closing argument:

... they've asked me to answer why on two or three occasions—and I know at least five occasions—when Mr. Fairchild asked for me to say why Eddie Roden and Clifton Mosier are upstairs in jail and not on trial here today.

I'll tell you why. It's called the law. The U.S. Supreme Court said that if two defendants make admissions as to their involvement in the crime, we can't try them together when it implicates the other two. It's the law that prevents them from being on trial with these two.

MR. THOMPSON: Objection.

MR. FAIRCHILD: Objection, Your Honor.

 The trial court overruled defense counsel's objections, and then admonished the jury to consider only the evidence presented during the course of the trial. Thus, the jury was properly apprised of the value it was to accord the prosecutor's statement. *Lee*, supra.

Moreover, we are convinced that the prosecutor's statement was a fair response

to arguments made by defense counsel. Defense counsel elicited testimony from a police officer that Eddie Roden a/k/a Eddie Mosier and Clifton Mosier were in jail awaiting trial for the same crimes. They then pointed out several times during closing argument that Eddie and Clifton were not also on trial, and asked the jury to consider why.[2] The prosecutor's remark was a fair response to these arguments.

 The appellants' final assignment of error is that the sentences are so excessive as to shock the conscience of this Court. In light of the heinous, wanton and calloused nature of the appellants' deed, we cannot say that the punishment imposed is excessive. All the terms of imprisonment are within the statutory limits, and we do not believe them to be the product of inflammatory or improper remarks.

The judgments and sentences are AFFIRMED.

CORNISH, J., concurs.

BRETT, J., concurs in results.

---

2. The following are excerpts from defense counsel's closing argument:

What are they trying to hide in this case? The District Attorney is so dead, solid certain that it was my two people that pulled the trigger that night, you tell me why two people are upstairs in jail today waiting trial on the same charge and you tell me why the officer in charge of this case, when he came to testify, couldn't remember what he said at the preliminary hearing.

\* \* \* \* \* \*

According to the District Attorney's opening statement, there were two people there, two people did the shooting and two others who had nothing to do with it, they were just standing around. If there were two people there, the people that did the shooting, why are two on trial and two upstairs waiting trial on murder.