**Larry James GAMBLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-85-589.**

Court of Criminal Appeals of Oklahoma.

March 2, 1988.

Rehearing Denied March 25, 1988.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Larry James Gamble, was tried by jury and convicted of Possession of Marijuana, Second and Subsequent Offense (63 O.S.Supp.1984, § 2–402(B)(2)) and Commercial Gambling After Former Conviction of a Felony (21 O.S.1981, § 982 and 21 O.S.1981, § 51(A)), in Osage County District Court, Case No. CRF–83–105, before the Honorable J.R. Pearman, Special District Judge. The jury set punishment during the second stage at three (3) years imprisonment and ten (10) years imprisonment, respectively. Judgment and sentence was imposed accordingly. We reverse and remand for a new trial.

Because we find appellant's first assignment of error determinative, a recitation of the facts is unnecessary. In his initial proposition, appellant argues that reversible error occurred when the trial court allowed the introduction of a prior conviction during the first stage of trial. For the purpose of clarity, we will address sepa-

rately the impact of this evidence as it relates to each of the convictions on appeal.

At the beginning of trial, the district attorney read the Information, which included references to a prior conviction for possession of marijuana. Appellant objected to this both before trial and during the opening statements. The district attorney then made further comments about the former conviction during opening statements. He also read the judgment and sentence of the former conviction during the presentation of the State's case.

Title 22 O.S.1981, § 860 forbids the introduction of prior convictions during the first stage of trial, "except in those cases in which former conviction is an element of the offense." The State argues that the prior drug-related offense defined in 63 O.S.Supp.1984, § 2–402(B)(2) is an element of the crime, citing *Isom v. State*, 646 P.2d 1288, 1289–1290 (Okla.Crim.App.1982) as authority for this assertion. We must disagree.

This Court has always been greatly concerned with the prejudicial effect of prior convictions which are introduced during the guilt-innocence phase of trial. *Harris v. State*, 369 P.2d 187, 192 (Okla.Crim.App. 1962); *Lovell v. State*, 455 P.2d 735, 736 (Okla.Crim.App.1969); *Berry v. State*, 476 P.2d 390, 391 (Okla.Crim.App.1970); *Williams v. State*, 565 P.2d 46, 50 (Okla. Crim.App.1977); *Isom v. State, supra* at 1290. Hence, we have consistently held that reversible error occurs if 22 O.S.1981, § 860 is violated. *See Baeza v. State*, 478 P.2d 903, 905 (Okla.Crim.App.1971); *Isom v. State, supra* at 1291.

██ The determining factor regarding the introduction of prior convictions during the first stage of trial is whether the facts alleged are sufficient to allow the trier of fact to find a statute has been violated without introduction of the prior conviction. If the facts are sufficient, it is error to allow introduction of the former conviction. For example, in *Isom*, the defendant was charged under the felony-murder statute. The underlying felony was driving under the influence of alcohol, second and subsequent offense. Clearly, without introducing the former conviction for driving under the influence, the State would not have shown the essential element of "during the commission of a felony," and the trier of fact would not have had sufficient facts to find a violation of the felony-murder statute. Obviously, the case at bar differs from *Isom*. Appellant was charged with unlawful possession of marijuana. His prior conviction for possession of marijuana was not an element of the offense, but instead, was pertinent only for the purpose of enhancement of punishment. The trier of fact could have found a violation of 63 O.S.Supp.1984, § 2–402(B)(2) without the introduction of the former conviction. Accordingly, it was error to allow the introduction of the prior conviction during the first stage of trial and served only to prejudice the rights of appellant.

██ Insofar as appellant was also on trial for commercial gambling, the introduction of this prior conviction was again error. Before trial, appellant made motion to the district court that the gambling charge be severed and tried separately to avoid prejudice arising from the introduction of the former conviction. The motion was overruled. As we stated in *Harris v. State, supra*, at 194, it is beyond question that knowledge of prior convictions must necessarily prejudice the trier of fact. Here, during deliberation, the jury sent a note to the judge, asking to see the record of the prior conviction. Clearly, the jury considered the past conviction. Furthermore, introduction of the prior conviction was a violation of 22 O.S.1981, § 860. Thus, due to the prejudicial effect of the prior conviction, as well as the clear violation of 22 O.S.1981, § 860, this conviction must also be reversed.

For the above reasons, this cause is REVERSED and REMANDED for a new trial.

BRETT, P.J., and BUSSEY, J., concur.

## OPINION ON REHEARING

PARKS, Judge:

On March 2, 1988, this Court reversed appellant's convictions in Case No. CRF–

83–105, remanding for a new trial. Appellant has filed a petition for rehearing, asking this Court reconsider this matter. He urges that the evidence was insufficient to support his conviction for Commercial Gambling, thereby forclosing a new trial as to this particular charge. In support of his proposition, he cites *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 2d 1 (1978). The ruling in *Burks* precludes a new trial if a conviction is reversed based on insufficient evidence.

The test used to determine the sufficiency of evidence was enunciated by this Court in *Spuehler v. State*, 709 P.2d 202, 203 (Okla.Crim.App.1985), which adopted the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 560 (1979):

> [W]hether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

Specifically, appellant indicates his *Spuehler* claim is based on the insufficiency of evidence to show possession of the facilities which were used in the gambling operation.

A proper determination of this issue requires a review of the evidence presented with regard to the commercial gambling conviction. Officer Wilson of the Tulsa Police Department testified he found gambling slips in the fireplace, a stamp used in the game "policy", and adding machine tapes showing dollar totals. He explained, in depth, how the game "policy" was run and the paraphenalia required to monitor the game. He explained that the various adding machines and portable telephones found in the house were needed to run a large game of "policy".

Officer Konkler testified that he was in charge of the search of the house located at 719 N. 23rd West Avenue. After obtaining a search warrant, Officer Konkler went to the house and knocked on the door. Appellant opened the door, and seeing police officers, slammed the door and locked it. Konkler obtained entrance to the house by kicking in the door. Subsequently, appellant was arrested.

Officer Arent, also of the Tulsa Police Department, testified he found a bank statement addressed to appellant during the search of the house located at 719 N. 23rd West Avenue. This is the same location where the gambling paraphenalia was found. Obviously, appellant received mail at this address. Furthermore, appellant possessed keys to the house.

Officer Siebert testified he discovered "shake stamps," "shake pills," and betting slips. All of these things are needed to coordinate a large game of "policy." There was also testimony that appellant was seen leaving the residence on the previous day. Appellant returned after a couple of hours and remained there overnight.

██ Appellant argues this evidence is insufficient to show ownership of the premises. After a careful reading of the statute under which appellant was charged, we do not believe that "ownership" is a required element; rather, the State must prove that appellant was in possession of the facilities used for gambling purposes. *See* 21 O.S. 1981, § 982. Although the evidence is circumstantial, there were sufficient facts, such as appellant's continued presence in the house, receiving mail at that address, and having a key to the house, from which a "rational trier of fact" could determine possession. The evidence also supports a finding of "receiving, recording or forwarding of bets" in light of all the gambling paraphenalia found in the house.

Accordingly, this assignment of error is without merit. Therefore, in light of our previous opinion, this cause is remanded for a new trial.

IT IS SO ORDERED.

BRETT, P.J., and BUSSEY, J., concur.