FILED
United States Court of Appeals
Tenth Circuit

December 1, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARION DALE HOLLAN,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 22-5077
(D.C. No. 4:22-CV-00313-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

This matter is before the court on Marion Dale Hollan's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal in forma pauperis.  Hollan

seeks a COA so he can appeal the district court's dismissal, on timeliness grounds, of his

28 U.S.C. § 2254 habeas petition.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal

may be taken from a final order denying habeas corpus relief unless the petitioner first

obtains a COA); *id.* § 2244(d) (setting out a one-year statute of limitations as to a habeas

corpus petitions).  Because Hollan has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**dismisses** this appeal.  Likewise, because Hollan has not demonstrated the "existence of a reasoned, nonfrivolous argument on the law and facts," *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), we **deny** his request to proceed on appeal in forma pauperis.[1]

In his § 2254 habeas petition, Hollan seeks to challenge his forty-year-old Oklahoma state convictions for murder and shooting with intent to kill.  *See Hollan v. State*, 676 P.2d 861, 863 (Okla. Crim. App. 1984).  Relying on the Supreme Court's recent decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), Hollan raises a variety of assertions as to the validity of his convictions.  The district court dismissed Hollan's petition as untimely, 28 U.S.C. § 2244(d)(1), concluding Hollan was not entitled to either statutory or equitable tolling.

Hollan seeks a COA so he can appeal the district court's dismissal of his § 2254 petition.  To be entitled to a COA, Hollan must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S. Ct. 1595, 1603–04 (2000) (quotations omitted). For those reasons set out in *Warnick v.*

---

[1] Given this court's denial of Hollan's request to proceed on appeal in forma pauperis, he is reminded of his obligation to immediately remit the full filing fee. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

*Harpe*, No. 22-5042, 2022 WL 16646708, at *2-3 (10th Cir. Nov. 3, 2022),[2] and *Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022), Hollan cannot satisfy that showing.

Hollan's request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]This court recognizes *Warnick* is unpublished and, thus, not binding precedent. Nevertheless, the analysis set out therein is completely persuasive and this panel adopts it in its entirety. *See* Tenth Cir. R. 32.1.